UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HYUK H. PARK,

    Plaintiff,

    v.

WELLS FARGO BANK, et al.,

    Defendants.
_____/

No. C 12-2065 PJH

**ORDER GRANTING MOTION TO DISMISS**

Now before the court is defendant's motion for an order dismissing the complaint for failure to state a claim. Plaintiff filed no opposition to the motion within the time allowed under Civil Local Rule 7-3. Having read defendant's papers and carefully considered its arguments and the relevant legal authority, the court hereby GRANTS defendant's motion.

**BACKGROUND**

In September 2007, plaintiff Hyuk H. Park borrowed $656,000 from World Savings Bank, FSB ("World Savings"), secured by a deed of trust against real property located in Daly City, California ("the Property"). In January 2008, World Savings was renamed Wachovia Mortgage, FSB ("Wachovia"), which in turn was merged into Wells Fargo Bank, N.A. ("Wells Fargo") in November 2009.

Plaintiff failed to make the payments on the loan as agreed, and in August 2011, a Notice of Default and Election to Sell Under Deed of Trust was recorded against the Property. Also in August 2011, NDeX West, LLC ("NDeX") was substituted as trustee under the deed of trust. A Notice of Trustee Sale was executed on October 27, 2011,

noticing a sale date of November 22, 2011.  The Property was sold that day.

Plaintiff filed this action in the Superior Court of California, County of San Mateo, on February 3, 2012, alleging six causes of action under state law – fraudulent concealment, intentional misrepresentation, negligent misrepresentation, injunctive relief, unfair competition under Business and Professions Code § 17200, and violation of the Rosenthal Fair Debt Collection Practices Act.

On April 25, 2012, defendant Wells Fargo Bank, N.A. a/k/a Wachovia Mortgage, a Division of Wells Fargo Bank N.A., and f/k/a Wachovia Mortgage, FSB c/o NDEX West, LLC, f/k/a World Savings Bank, FSB ("Wells Fargo"), filed a notice of removal, alleging diversity jurisdiction.

On May 2, 2012, Wells Fargo filed the present motion to dismiss.  On May 14, 2012, Wells Fargo consented to the jurisdiction of the Magistrate Judge to whom the case was then assigned.  However, when plaintiff failed to file an opposition to the motion to dismiss, the Magistrate Judge vacated the hearing date and ordered the case reassigned.  On July 11, 2012, the case was reassigned to the undersigned District Judge.

**DISCUSSION**

A.  Legal Standard

Federal Rule of Civil Procedure 8 requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).

To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff

2

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

Additionally, in actions alleging fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Under Rule 9(b), the complaint must allege specific facts regarding the fraudulent activity, such as the time, date, place, and content of the alleged fraudulent representation, how or why the representation was false or misleading, and in some cases, the identity of the person engaged in the fraud. In re GlenFed Sec. Litig., 42 F.3d 1541, 1547-49 (9th Cir.1994).

A pleading filed by a pro se plaintiff must be liberally construed. Balistreri, 901 F.2d at 699. Pro se status, however, does not excuse a litigant from complying with the requirement of alleging facts, not conclusions, in his or her pleadings. See Brazil v. United States Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

B. Defendant's Motion

As an initial matter, Wells Fargo asserts that plaintiff's claim that Wells Fargo is not the true lender or mortgager is without merit. The court agrees. Numerous courts have addressed this very claim and have concluded that Wells Fargo is the successor to Wachovia and World Savings. See, e.g., Nguyen v. Wells Fargo Bank, N.A., 749 F.Supp. 2d 1022, 1035 (N.D. Cal. 2010); DeLeon v. Wells Fargo Bank, N.A., 729 F.Supp. 2d 1119, 1121 (N.D. Cal. 2010).

Next, Wells Fargo argues that each of plaintiff's six causes of action must be dismissed for failure to state a claim. The court finds that the motion must be GRANTED.

First, the first through third causes of action fail to plead facts sufficient to support the elements of the claims. To state a claim for fraudulent concealment, the plaintiff must allege that (1) the defendant concealed or suppressed a material fact, (2) the defendant was under a duty to disclose the fact to the plaintiff, (3) the defendant intentionally

concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff was unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff suffered damage. Kaldenbach v. Mutual of Omaha Life Ins. Co., 178 Cal. App. 4th 830, 850 (2009).

To state an intentional misrepresentation claim, the plaintiff must allege (1) a false representation as to material fact, (2) knowledge of its falsity, (3) intent to defraud, (4) actual and justifiable reliance, and (5) resulting damage. Wilhelm v. Pray, Price, Williams & Russell, 186 Cal. App. 3d 1324, 1331 (1986).

The elements of negligent misrepresentation are (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage. National Union Fire Ins. Co. v. Cambridge Integrated Servs. Group, Inc., 171 Cal. App. 4th 35, 50 (2009).

In addition, as noted above, under Federal Rule of Civil Procedure 9(b), allegations of fraud are required to be pled with particularity.

Here, the fraud and misrepresentation claims do not come close to meeting these standards. Plaintiff makes broad and conclusory allegations about information that was supposedly suppressed or misrepresented. However, she provides no details regarding any of the alleged misrepresentations. Nor does she identify the person who made the alleged misrepresentations. In addition, the fraudulent concealment and negligent misrepresentation claims fail because plaintiff fails to plead any facts showing the existence of a duty of care.

Finally, the fraud claims are time-barred under California Code of Civil Procedure § 338(d) (three-year statute of limitations), and the negligent misrepresentation claim is time-barred under California Code of Civil Procedure § 339 (two-year statute of limitations), as the allegations appear to relate to the loan transaction, which occurred in September 2007.

4

The claim for injunctive relief is based on an alleged failure to comply with California Civil Code § 2923.5. Wells Fargo contends that this claim fails because it is preempted by the federal Home Owners' Loan Act, and because § 2923.5 provides no remedy once a property has been sold. The court agrees, and notes in particular that under Mabry v. Superior Court, 185 Cal. App. 4th 208 (2010), the sole remedy provided under § 2923.5 is a postponement of the foreclosure sale. Id. at 235. Once the sale has taken place, the statute does not provide a remedy. Id. at 214-15. Here, since the Property has been sold, plaintiff cannot seek a remedy under § 2923.5.

Wells Fargo asserts that the unfair competition claim under § 17200 must also be dismissed. To state a claim under § 17200, the plaintiff must allege particular facts showing that the defendant engaged in an unlawful, unfair, or fraudulent business act or practice. Plaintiff alleges that "defendants" violated § 17200 in various ways, including by "inducing [p]laintiff to accept mortgages for which they [sic] were not qualified based on inflated property valuations and undisclosed disregard of their own underwriting standards and the sale of overpriced collateralized mortgage pools, all the while knowing that the plan would crash and burn, taking [p]laintiff down and costing him [sic] the equity in her [sic] home and other damages;" and by "selling off overpriced loans by making willful and inaccurate credit disclosures regarding [d]efendants' borrowers, including [p]laintiff, to third parties." Cplt ¶¶ 75-76. However, the allegations are insufficient to state a claim.

A UCL "unlawful" business practices claim "borrows" violations of other laws and treats those violations as unlawful practices, independently actionable under § 17200. Farmers Ins. Exch. v. Superior Court, 2 Cal. 4th 377, 383 (1992). Here, plaintiff has not stated a claim for unlawful business acts and practices, as there are no allegations sufficient to support a claim that Wells Fargo violated any specific law.

To the extent that the complaint can be read as alleging a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(a), et seq., see Cplt ¶ 77, based on Wells Fargo's alleged furnishing of inaccurate credit information, there is no private right of action under that section. See Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153, 1154 (9th

Cir.2009). To the extent that the complaint can be read as alleging a violation of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, et seq., see Cplt ¶ 83, based on alleged disclosures of private information, there is also no private right of action for violations of that Act. See 15 U.S.C. § 6805(a). To the extent that the complaint purports to allege violation of the California Financial Information Privacy Act, Cal. Fin. Code § 4052.5 (with certain exceptions, prohibiting financial institutions from disclosing nonpublic personal information with "nonaffiliated third parties"), or violations of Article 1, § 1 of the California Constitution, plaintiff has failed to allege facts sufficient to put Wells Fargo on notice of the specific actions that form the basis of the alleged violation.

A UCL "unfair" business practices claim must allege conduct that threatened incipient violation of antitrust law, or that otherwise significantly threatens or harms competition. Byars v. SCME Mortg. Bankers, Inc., 109 Cal. App. 4th 1134, 1147 (2003); Scripps Cliinic v. Superior Court, 108 Cal. App. 4th 917, 940 (2003). Plaintiff has alleged no facts sufficient to state a claim under this standard.

As for the UCL "fraudulent" business practices claim, any such claim is dismissed for failure to plead fraud with particularity, as required by Rule 9(b).

As a further basis for dismissing the UCL claim, Wells Fargo argues that it is time-barred. As far as the court can ascertain from the rather incoherent allegations of the complaint, the alleged wrongdoing – based on underwriting, promotional activity, inadequate disclosures, and improper terms – all accrued by September 2007. Thus, as § 17200 has a four-year statute of limitations, the statute had run by the time plaintiff filed the complaint in this action in February 2012.

Finally, Wells Fargo argues that because the complaint challenges processing, origination, servicing, or sale or purchase of, or the investment or participation in, plaintiff's mortgage, the state law claims asserted therein are preempted by HOLA. See 12 C.F.R. § 560.2(b). The court agrees that the state-law claims appear to be preempted, but finds the allegations so inadequately pled that it is not possible to determine with certainty whether HOLA preemption applies.

## CONCLUSION

In accordance with the foregoing, the motion is GRANTED. The dismissal is with leave to amend, as follows.

1. To the extent that plaintiff alleges any claims based on actions taken within the limitation period, the complaint may be amended to allege such facts, subject to the proviso that any claim of fraud based on conduct occurring within the limitation period must be pled with particularity, as required by Rule 9(b).

2. To the extent that plaintiff alleges violations of any state laws that are not preempted by HOLA – that is, any claim that does not involve a challenge to the processing, origination, servicing, or sale or purchase of, or the investment or participation in, plaintiff's mortgage – the complaint may be amended to allege such facts.

3. The cause of action for injunctive relief is dismissed with prejudice.

4. The § 17200 claim is dismissed with leave to amend to state a claim in accordance with the above discussion.

5. Any amended complaint must be filed no later than September 17, 2012. No new causes of action or new defendants may be added without leave of court. If no amended complaint has been filed by that date, the action will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: August 13, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge